IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND<br><br>Plaintiffs,<br><br>-vs-<br><br>EMBRY'S ROOFING, INC.,<br><br>and<br><br>ROBERT EMBRY,<br><br>Defendants. | CASE NO. 3:20-cv-59 |

## COMPLAINT

1. Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund, are trustees of a multiemployer benefit plan and employee welfare plan. Defendants Embry's Roofing, Inc. and Robert Embry are employers obligated to make contributions to the Fund based upon a contractually agreed rate so that their employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach giving rise to this action occurred within the jurisdiction of the U.S. District Court, Southern District of Indiana.

**THE PARTIES**

3. Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 3440 Kossuth Street, Lafayette, Indiana 47903.

4. Defendant Embry's Roofing, Inc. is an Indiana corporation with its principal place of business located at 2255 Anderson Road, Newburgh, IN 47630. Defendant was organized in 1979 and administratively dissolved on January 12, 2015. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

5. Defendant Robert Embry is an individual who was the President and Registered Agent of Defendant Embry's Roofing, Inc. Following the dissolution of Embry's Roofing, Inc., Robert Embry has continued the business as a sole proprietor, using the trade name Embry's

Roofing. Upon information and belief, Robert Embry resides at 2255 Anderson Road, Newburgh, IN 47630.

## COMMON FACTS

6. At all relevant times, Defendant Embry's Roofing, Inc. was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

7. Following the dissolution of Defendant's Embry's Roofing, Inc., Defendant Robert Embry continued the business in substantially unchanged form as a proprietorship and as a result he became bound by the CBA as a successor employer.

8. The terms of the CBA required Defendants to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendants to the terms of the Fund's Trust Agreement. A true and accurate copy of relevant excerpts of the Fund's Trust Agreement is attached as **Exhibit B**.

9. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy. A true and accurate copy of the Fund's Collection Policy is attached as **Exhibit C**.

10. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Policy, Defendants are required to make monthly contributions to the Fund on behalf of each of their employees in an amount and under the terms set forth in the agreements.

11. The Fund's Collections Policy require Defendants to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and

subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month until paid in full.

12. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendants may also be subjected to payroll audits as may be deemed appropriate. Defendants are required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendants have not paid contributions as required, Defendants are liable for the costs of the audit.

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

13. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

14. Defendants have failed to pay the required contributions for the month of August 2019 and all subsequent months.

15. Upon information and belief, Defendants have failed to pay the required contributions for various other months, from January 1, 2018, to the present.

16. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. Defendants have failed to pay the required contributions for the month of August 2019 and all subsequent months.

19. Upon information and belief, Defendants have failed to pay the required contributions for various other months, from January 1, 2018, to the present.

20. Defendants' actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**(ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)**

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendants have failed to timely pay contributions for the months of December 2018, January 2019, March 2019, and August 2019 to the present. As a result, Defendants owe liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

23. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
**(LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

24. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

25. Defendants have failed to timely pay contributions for the months of December 2018, January 2019, March 2019, and August 2019 to the present. As a result, Defendants owe liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

26. Defendants' actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendants are therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT V
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit

27. Plaintiffs reallege each averment set forth as if fully rewritten herein.

28. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, unless Defendants submit to an audit, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, liquidated damages and interest.

29. Under the terms of the CBA, Trust Agreement, and Collection Policy, Defendants must submit to a payroll audit at the request of Plaintiffs.

30. As a result, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A. An order compelling Defendants to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendants for unpaid and delinquent contributions owed by Defendants for the period of January 2018 to the present, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and liquidated damages on untimely or delinquent contributions for the period of January 2018 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

  D. Judgment on behalf of Plaintiffs and against Defendants for the costs of any and all payroll audits needed to determine the amounts owed by Defendants;

  E. Judgment on behalf of Plaintiffs and against Defendants in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

  F. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

  G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

  H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

            Respectfully submitted,

            LEDBETTER PARISI LLC

            /s/ Paul E. Stoehr
            Paul E. Stoehr (OH #0096213)
            5078 Wooster Rd., Suite 400
            Cincinnati, OH 45226
            (937) 619-0900 (ph)
            (937) 619-0999 (fax)
            pstoehr@fringebenefitlaw.com
            *Attorneys for Plaintiffs*